## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**HARDHAT WORKFORCE**                                                      **PLAINTIFF**
**SOLUTIONS, LLC**

**v.**                          **CASE NO. 4:24-CV-00598-BSM**

**OSS-JPOW SOLAR POWER**
**SERVICES, LLC; JINGOLI POWER,**
**LLC; and LIBERTY MUTUAL**
**INSURANCE COMPANY**                                                     **DEFENDANTS**

## ORDER

HardHat Workforce Solutions LLC's motion to dismiss count II of OSS-JPOW Solar

Power Services, LLC's amended counterclaim [Doc. No. 47] is denied.

### I. BACKGROUND

HardHat and OSS-JPOW entered into a contract where HardHat was to provide

certain construction labor services in connection with a project located in White County,

Arkansas. Am. Countercl. ¶¶ 9–10. These services included equipment operation, lawn care,

quality control, management, safety, and logistics. *Id.* ¶ 10. HardHat is suing OSS-JPOW

for breach of contract, unjust enrichment, and conversion because OSS-JPOW failed to pay

HardHat's bill. *See* Compl., Doc. No. 1. OSS-JPOW is counterclaiming for declaratory

judgment and breach of the contract. *See* Doc. No. 41. HardHat is moving to dismiss OSS-

JPOW's breach of contract claim.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted.  To meet the 12(b)(6) standard, the facts alleged in the complaint must create a "reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient.  *Id.*  All allegations contained in the complaint are considered true, and all reasonable inferences are drawn in the plaintiff's favor.  *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022).  At this stage, materials embraced by the pleadings as well as exhibits attached to the pleadings and matters of public record may all be considered.  *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).

## III. DISCUSSION

HardHat's motion to dismiss OSS-JPOW's counterclaim for breach of contract is denied because OSS-JPOW has adequately alleged a breach.  *See Keck v. Am. Emp. Agency, Inc.*, 652 S.W.2d 2, 6 (Ark. 1983) (employment agency had a contractual duty that went beyond just producing a man who claimed to be an employer).

To state a breach of contract claim, OSS-JPOW must allege that it suffered damages when HardHat violated an obligation created by an enforceable contract.  *Smith v. S. Farm Bureau Cas. Ins. Co.*, 18 F.4th 976, 980 (8th Cir. 2021).  Although OSS-JPOW's amended counterclaim is not the model of clarity, it seems to present two breach of contract theories.

2

First, it alleges that HardHat breached its duty to provide qualified employees.  Am. Countercl. ¶ 47.  Second, it alleges that HardHat's workers were required to properly log their work hours, but failed to do so.  *Id.* ¶ 55.

The motion to dismiss the failure to provide qualified employees claim is denied because OSS-JPOW alleges that the contract required HardHat to provide employees to OSS-JPOW as requested.  *Id.* ¶ 43.  It also alleges that it suffered damages because the workers provided by HardHat were inexperienced, lacked knowledge of tasks, were not equipped to perform the duties assigned to them, and despite OSS-JPOW's request that HardHat provide experienced laborers, HardHat failed to do so.  *Id.* ¶¶ 47–48, 50.  Moreover, OSS-JPOW alleges that it suffered damages because HardHat assigned workers that engaged in illegal activities and threatening behavior.  *Id.* ¶¶ 51–52.

 The motion to dismiss the improperly logged work hours claim is denied because OSS-JPOW alleges that HardHat's workers logged hours that they did not work and HardHat billed OSS-JPOW for those hours.  *See Little Gem Life Scis., LLC v. Orphan Med., Inc.*, 537 F.3d 913, 917 (8th Cir. 2008) (giving liberal reading to the complaint); Am. Countercl. ¶ 55.  It relies on section two of the contract which states "Client will ensure that all hours worked by an Assigned Employee are accurately recorded on the employee's timecard, and Client will report time to HardHat promptly every Monday to ensure accurate and prompt payment to each Assigned Employee."  Pl. HardHat Mem. Supp. Partial Mot. Dismiss Count II Def. OSS-JPOW Am. Countercl., Doc. No. 48. , Ex. 1, Service Agreement.  HardHat denies that it had a  duty to ensure accurate time reporting and argues that the contract specifically states

that OSS-JPOW was responsible for making sure that time was accurately reported. *Id.* at 9. Moreover, HardHat argues that any damages from this allegation would not have been caused by it, but rather the workers who fabricated their time. *Id.* at 10. Although this claim is thin, it is sufficient to survive dismissal.

IV. CONCLUSION

For these reasons, HardHat's motion to dismiss is denied.

IT IS SO ORDERED this 16th day of July, 2025.

UNITED STATES DISTRICT JUDGE