**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**HARDHAT WORKFORCE**                                                    **PLAINTIFF**
**SOLUTIONS, LLC**

**v.**                                   **CASE NO. 4:24-CV-00598-BSM**

**OSS-JPOW SOLAR POWER**
**SERVICES, LLC; JINGOLI POWER,**
**LLC; and LIBERTY MUTUAL**
**INSURANCE COMPANY**                                                   **DEFENDANTS**

## ORDER

OSS-JPOW and Jingoli's motion for summary judgment [Doc. No. 68] and

supplement [Doc. No. 141] are denied and its third motion for summary judgment [Doc. No.

171] is denied.  Liberty Mutual's motion for summary judgment [Doc. No. 154] is granted.

HardHat's motion for summary judgment against OSS-JPOW and Jingoli [Doc. No. 156] is

denied; its motion for summary judgment on the licensing defense [Doc. No. 160] is granted;

and its motion for summary judgment on count II [Doc. No. 165] is denied. HardHat's

motion for summary judgment on OSS-JPOW's counterclaim [Doc. No. 168] is denied.

HardHat's bad faith claim against Liberty Mutual is dismissed without prejudice. *See* Doc.

No. 153.

## I. BACKGROUND

The parties filed seven summary judgment motions and seven conflicting statements

of fact and submitted roughly 4,116 pages of briefs and supporting documents.  Although the

parties disagree on almost everything, it appears the undisputed facts are as follows.

HardHat is an agency that provides workers to contractors. *See* Def. OSS-JPOW Resp. Pl. Statement of Material Facts, Doc. No. 182 ¶ 19. In the times relevant herein, it was neither a licensed contractor nor was it registered as a subcontractor in Arkansas. *See* Pl. HardHat Resp. OSS-JPOW Statement of Undisputed Material Facts Supp. Mot. Summ. J., Doc. No. 144 (SUMF I) ¶ 33. OSS-JPOW is a general contractor that engaged HardHat to provide it with workers to construct a solar project. *Id.* ¶¶ 5 & 14; *see* Doc. No. 146, Ex. F, Services Agreement. The contract between the parties provides that HardHat is a labor supplier, not a subcontractor. Services Agreement at 4. It provided that OSS-JPOW was responsible for directing the workers' on-site activities, and gave OSS-JPOW full control over the means and methods of their work. *Id.*

HardHat's Rule 30(b)(6) witness, Marc Holcomb, testified that some of the workers provided to OSS-JPOW performed general construction labor, renewable energy work, project site administration, equipment operation, racking installation, and quality control on the solar project. Dep. Marc Holcomb, Doc. No. 68, Ex. 2, 58:2–19; 59:24–25; 60:24–61:5; 62:18–23; 63:17–20. Moreover, the workers' time sheets show that they served as laborers, operators, foremen, managers, technicians, installers, and administrators. Doc. No. 68, Ex. 8, HardHat Work Descriptions; *see also* SUMF I ¶¶ 20–23.

OSS-JPOW paid HardHat approximately $2,139,000 for the work performed by its workers. SUMF I ¶ 32. OSS-JPOW, however, became unhappy with the work performed by HardHat's workers and stopped paying the invoices submitted by HardHat. *Id.*

HardHat is suing OSS-JPOW for breach of contract, unjust enrichment, enforcement of payment bond, and conversion and it is suing Jingoli for conversion. HardHat is suing Liberty Mutual Insurance Company to enforce its security bond.  OSS-JPOW and Jingoli are counterclaiming against HardHat for breach of contract and are seeking a declaratory judgment, asserting that HartHat is precluded from bringing its claims because it was not properly licensed or registered as a contractor.

OSS-JPOW and Jingoli are moving for summary judgment on all of HardHat's claims. Liberty Mutual is moving for summary judgment on HardHat's claim against it.  HardHat is moving for summary judgment on its claims against all defendants and the counterclaim of OSS-JPOW and Jingoli.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).  Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in its pleadings.  *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).  Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial.  *Id.*  All reasonable inferences must be drawn in a light most favorable to the non-moving party.  *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007).  The evidence is not weighed, and no credibility determinations are made.  *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

III. DISCUSSION

A.      Motions of OSS-JPOW and Jingoli

OSS-JPOW and Jingoli's (OSS-JPOW) motion for summary judgment based on HardHat not being registered as a contractor is denied and its motion for summary judgment on HardHat's breach of contract, unjust enrichment, and conversion claims is denied.

*1.  Is HardHat a Contractor Under Arkansas Law?*

OSS-JPOW's motion for summary judgment based on HardHat's failure to register as a contractor is denied because HardHat is not a contractor under Arkansas Code Annotated section 17-25-101 *et. seq*. That law requires "contractors" to register with the Contractors Licensing Board. Ark. Code Ann. § 17-25-103. The statute defines "contractor" as:

> any person, firm, partnership, copartnership, association, corporation, or other organization . . . that for a fixed price, commission, fee, or wage . . . contracts or undertakes to construct or demolish, or assumes charge, in a supervisory capacity or otherwise, or manages the construction, erection, alteration, demolition, or repair, or has or have constructed, erected, altered, demolished, or repaired, under his or her, their, or its direction, any building, apartment, condominium, highway, sewer, utility, grading, or any other improvement or structure on public or private property for lease, rent, resale, public access, or similar purpose, except single-family residences, when the cost of the work to be done, or done, in the State of Arkansas by the contractor, including, but not limited to, labor and materials, is fifty thousand dollars ($50,000) or more.

Ark. Code Ann. § 17-25-101(a)(1). OSS-JPOW argues that HardHat is a contractor because, for a fee or wage of over $50,000, it  (1) contracted to construct the solar project; (2) undertook to construct the solar project; and/or (3) has constructed the solar project. *See* Reply, Doc. No. 152 at 7. To support its argument, OSS-JPOW relies on HardHat's Rule 30(b)(6) witness who testified that OSS-JPOW signed HardHat's client service agreement.

Dep. Marc Holcomb, Doc. No. 68, Ex. 2 at 69:1–2.

It is undisputed that HardHat contracted to provide workers to OSS-JPOW, that OSS-JPOW used those workers for a construction project, and that HardHat was paid in excess of $50,000.  *See* Dep. Marc Holcomb at 57:16–58:19, 59:24–61:5 & 62:18–19. Notwithstanding these points, HardHat was not responsible for any portion of the construction.  Indeed, HardHat, like a typical employment agency, merely provided employees to OSS-JPOW to use as it wished.  *See* Services Agreement.  The contract does not provide that HardHat is undertaking, supervising, or managing the construction of the solar project and no facts in the record indicate that it did so.

HardHat's Rule 30(b)(6) witness testified that the workers it provided OSS-JPOW engaged in general construction, renewable energy work, project site administration, equipment operation, racking installation, and quality control.  Dep. Marc Holcomb, Doc. No. 68, Ex. 2 at 58:2–19; 59:24–25; 60:24–61:5; 62:18–23; 63:17–20. OSS-JPOW's reliance on this to show that HardHat is a contractor is misguided.  The Rule 30(b)(6) witness's testimony merely explains the jobs OSS-JPOW assigned the workers to perform; it does not show that HardHat was subcontracted to perform the work.  Indeed, once HardHat sent the workers to OSS-JPOW, HardHat maintained no control over the work they performed.

OSS-JPOW also relies on two rulings from the Supreme Courts of West Virginia and Alabama.  Although neither ruling is binding, they would be instructive if they were exactly on point; however, they are not.  In *Pers. Temp. Servs., a Div. of Pers., Inc. v. W. Virginia Div. of Lab. Contractor Licensing Bd.*, 475 S.E.2d 149 (WV 1996), the West Virginia

Supreme Court held that a company providing temporary laborers to construction sites was required to register as a contractor. The West Virginia statute, however, provides that "'[c]ontractor means a person who in any capacity. . .offers to undertake. . .to. . .demolish any building. . .associated with a project. . .or works in conjunction therewith, where the cost of the undertaking is one thousand dollars or more." *Id*. at 152. This definition is more expansive than Arkansas Code Annotated section 17-25-101, which does not include persons merely associated with, or working in conjunction with, those engaged in construction work. In *White-Spunner Const., Inc. v. Constr. Completion Co., LLC*, 103 So. 3d 781(Ala. 2012), the Alabama Supreme Court held that a company providing construction laborers was a contractor. The agreement in that case, however, was for the labor provider to provide materials along with labor and other construction services. *Id.* at 790. HardHat simply provided labor.

For all of these reasons, HardHat is not a contractor under Arkansas Code Annotated section 17-25-101, and OSS-JPOW's motion for summary judgment on its licensing defense is denied.

### 2. Breach of Contract

OSS-JPOW's motion for summary judgment on HardHat's breach of contract claim is denied. To prevail on its breach-of-contract claim, HardHat must show there is a valid and enforceable contract, that OSS-JPOW has an obligation under the contract, that OSS-JPOW violated the contract, and that HardHat suffered damages. *Ballard Grp., Inc. v. BP Lubricants USA, Inc.*, 436 S.W.3d 445, 450 (Ark. 2014). It is undisputed that there is a valid

contract. The contract provides that OSS-JPOW had a duty to pay HardHat for work performed by workers it sent to OSS-JPOW and that OSS-JPOW was responsible for ensuring that the time recorded by the workers was accurate. Services Agreement. Doc. No. 146-6 ¶ 2. The parties dispute whether these duties were breached and whether damages are owed to HardHat. Consequently, there are issues for the jury to decide. *Reynolds Forestry Consulting & Real Est., PLLC v. Colbey*, 575 S.W.3d 176, 184 (Ark. Ct. App. 2019).

OSS-JPOW's motion for summary judgment on the issue of punitive damages is denied as moot because HardHat is not seeking punitive damages on the breach of contract claim. *See* Pl. HardHat Resp. Opp. Jingoli Def. Mot. Partial Sum. J. at 9, Doc. No. 194.

### 3. Unjust Enrichment

OSS-JPOW's motion for summary judgment on HardHat's unjust enrichment claim is denied. To prevail on this claim, HardHat must show that OSS-JPOW received something of value to which it was not entitled and which it should restore. *Smith v. Whitener*, 856 S.W.2d 328, 329–30 (Ark Ct. App. 1993). HardHat is permitted to seek unjust enrichment as an alternative to its breach of contract claim. Fed. R. Civ. P. 8(d)(2). HardHat has provided enough evidence that reasonable jurors could find OSS-JPOW was unjustly enriched by receiving services from HardHat, not paying the full invoice, and that OSSS-JPOW should restore it. SUMF I ¶¶ 11 & 32.

### 4. Conversion

OSS-JPOW's motion for summary judgment on HardHat's conversion claim is denied. To prevail on a conversion claim, HardHat must show that OSS-JPOW intentionally

exercised dominion over HardHat's property in violation of its rights. *Integrated Direct Mktg., LLC v. May*, 495 S.W.3d 73, 75 (Ark. 2016). After receiving payment for the solar project, OSS-JPOW paid off its obligations but did not pay HardHat because it disputes what is owed to Hardhat. *See* Doc. No. 194, Ex. A, Dep. Brian Gibson 189:13–190:8. Whether OSS-JPOW exercised dominion or control over funds belonging to HardHat is a question for the jury. *Hatchell v. Wren*, 211 S.W.3d 516, 522 (Ark. 2005) (when appellee paid for appellant's car repairs and appellant accepted the car, appellant converted insurance proceeds when she did not remit the payment to appellee). Whether HardHat may obtain punitive damages on its conversion claim depends on whether it provides clear and convincing evidence that OSS-JPOW "intentionally exercised control or dominion over the plaintiff's property for the purpose of violating [its] right to the property or for the purpose of causing damage." *Barton AGCenter, Inc. v. Case*, 2015, 459 S.W.3d 307, 312 (Ark. Ct. App. 2015).

    B.    <u>Liberty Mutual's Motion for Summary Judgment</u>

Liberty Mutual's motion for summary judgment is granted on HardHat's claim against the bond posted by OSS-JPOW because HardHat is not a subcontractor under the lien statute. Ark. Code Ann. § 18-44-107. This statute permits real estate construction contracts to require a bond for the payment of subcontractors who may assert liens. A subcontractor is any person who supplies labor or services pursuant to a contract with the contractor. *Id.* at § 107(4). HardHat argues that, while it is not a contractor under the licensing statute, it is a subcontractor under the lien statue, and that it may recover against the bond because it supplied labor to OSS-JPOW for use to construct the solar project.

Liberty Mutual points out that HardHat's contract with OSS-JPOW explicitly states that HardHat is not a subcontractor.  In response, HardHat argues that such "generic language" does not negate that it was a subcontractor.  *See* Doc. No. 184, Ex. B, Service Agreement ¶ 12; Pl. Reply Supp. Mot. Partial Summ. J. at 2, Doc. No. 201.  Such "generic language" however, was a key point in HardHat's argument that it was not a subcontractor under the licensing statute.  *See* Pl. Memo. Supp. Mot. Summ. J. on Licensing Defenses at 15, Doc. No. 161.

HardHat's argument that the statutes define "subcontractor" differently  is well taken but not persuasive.  The Arkansas Court of Appeals has held that a company having no fixed-sum contract for any part of the job, which provided material and laborers to a construction job, did not have a lien for labor.  *Christy v. Nabholz Supply Co.*, 546 S.W.2d 425, 426 (Ark. Ct. App. 1977).  Additionally, other jurisdictions have touched precisely on this issue, holding that temporary staffing agencies do not have lien rights.  *See Onsite Eng'g & Mgmt., Inc. v. Illinois Tool Works, Inc.*, 744 N.E.2d 928, 931 (Ill. App. Ct. 2001); *Skillstaff of Colorado, Inc. v. Centex Real Est. Corp.*, 973 P.2d 674, 676 (Colo. App. 1998); *Manpower, Inc. v. Phillips*, 179 N.E.2d 922, 925–26 (Ohio 1962).

C.      HardHat's Motions for Summary Judgment

HardHat's motion for summary judgment on OSS-JPOW's licensing defense is granted for the reasons provided in section III.A.1.  Its motion for summary judgment on its breach of contract, unjust enrichment, and conversion claims is denied because there are factual disputes on those claims as discussed in sections III.A.2–4.  Its motion for summary

judgment against OSS-JPOW and Liberty Mutual on its claim for payment under the bond is denied for the reasons provided in section III.B.

HardHat's motion for summary judgment on OSS-JPOW's counterclaim is denied. There is no dispute that a contract exists between OSS-JPOW and HardHat. OSS-JPOW alleges that HardHat breached three of its duties. *See* OSS-JPOW Resp. Pl.'s Mot. Summ. J. on Count II at 7–10, Doc. No. 190. First, HardHat failed to provide qualified workers. *Id.* Second, HardHat failed to screen the workers. *Id.* Third, HardHat failed to send OSS-JPOW invoices based on the compensable hours worked by the workers. *Id.* The contract clearly requires HardHat to perform these duties. *See* Services Agreement, Doc. No. 146-6 ¶¶ 1–2. There remain, however, questions of fact as to whether HardHat breached the contract and whether OSS-JPOW was damaged.

## IV.  CONCLUSION

For these reasons, OSS-JPOW's motions for summary judgment are denied; Liberty Mutual's motion for summary judgment is granted; HardHat's motions for summary judgment against OSS-JPOW and on its claim against the bond are denied; HardHat's motion for summary judgment on the licensing defense is granted; and HardHat's motion for summary judgment on OSS-JPOW's counterclaim is denied.

HardHat's breach of contract, unjust enrichment, and conversion claims remain for

trial, as does OSS-JPOW's breach of contract claim.

IT IS SO ORDERED this 20th day of February, 2026.

_____
UNITED STATES DISTRICT JUDGE