**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**HARDHAT WORKFORCE
SOLUTIONS, LLC**                                                        **PLAINTIFF**

**v.**                                 **CASE NO. 4:24-CV-00598-BSM**

**OSS-JPOW SOLAR SERVICES,
LLC and JINGOLI POWER, LLC**                        **DEFENDANTS**

## ORDER

At the conclusion of HardHat's case in chief, I took defendants' motion for judgment as a matter of law on HardHat's conversion claim under advisement and intimated that I planned to grant it post trial. Once the verdict was taken, I instructed the parties to brief all of the issues they wanted to brief to preserve their arguments for appeal.

Now that the issues have been briefed, for the reasons articulated from the bench, defendants' oral motion for judgment as a matter of law on HardHat's conversion claim, which was made at the conclusion of HardHat's case in chief, renewed at the conclusion of defendants' case in chief, and renewed post trial [Doc. No. 263] is granted and the jury's verdict is vacated. *See* Verdict Form Number 4. Also, for the reasons articulated from the bench, defendants' motion for judgment as a matter of law on HardHat's request for punitive damages is granted and the jury's $4,404,698.20 punitive damages award is vacated. *Id.* Should the Eighth Circuit reinstate the verdict on HardHat's conversion claim, it should consider reinstating only the compensatory damages award, because the record does not support an award of punitive damages.

At the conclusion of the trial, counsel for HardHat stated that it planned to request additur to properly compensate HardHat for the jury's verdicts in favor of HardHat on its breach of contract and unjust enrichment claims; however, no request was made. It appears, based on a cursory review of the law on additur, that such a motion would have been futile. *Routh Wrecker Serv., Inc. v. Washington*, 980 S.W.2d 240, 243 (Ark. 1998) (Arkansas does not recognize the principle of additur); *Novak v. Gramm*, 469 F.2d 430 (8th Cir. 1972) (where damages are disputed a grant of additur violates the Seventh Amendment); *see* also *Hagen v. Siouxland Obstetrics & Gynecology*, P.C., 23 F. Supp. 3d 991 (N.D. Iowa 2014), *rev'd on other grounds Hagen v. Siouxland Obstetrics & Gynecology, PC*, 799 F.3d 922 (8th Cir. 2015) (party would have been better served moving for a new trial under Rule 59(a)).

As my former colleague, Judge Mark Bennett of the Northern District of Iowa, explained in *Hagen*, although additur is unavailable, I would consider granting a motion for a new trial on the issue of damages on HardHat's breach of contract and unjust enrichment claims because it appears it would give effect to the jury's decisions. This is true because the jury found that HardHat did not breach its contract with OSS-JPOW. *See* Verdict Form Number 5. On the other hand, the jury found that OSS-JPOW breached its contract with HardHat and that Jingoli was unjustly enriched by its failure to pay HardHat for services provided by HardHat. *See* Verdict Forms Numbered 1 & 3. Although the jury found that HardHat suffered no damages on its breach of contract and unjust enrichment claims, it found that Jingoli converted $1,101,174.55 of HardHat's money for its own use. *See* Verdict Forms 1, 3, & 4. There, however, would be no conversion if Jingoli did not already owe

$1,101,174.55 to HardHat for services it provided to defendants – the services which were the focus of its breach of contract and unjust enrichment claims.  Indeed, the $1,101,174.55 sought on HardHat's breach of contract and conversion claims is in effect the same $1,101,174.55 the jury found was converted.

This is true because the evidence presented at trial was that HardHat leased workers to OSS-JPOW to build a solar power plant and at some point Jingoli took over for OSS-JPOW.  HardHat billed OSS-JPOW and Jingoli approximately $3.2 million for work performed by HardHat's workers and OSS-JPOW and Jingoli paid bills of approximately $2.1 million.  When HardHat contacted Jingoli to collect the remaining $1,101,174.55 debt, Jingoli promised to pay the bill once Jingoli received final payment for constructing the solar power plant.  HardHat's conversion claim hinges on the fact that it was owed $1,101,174.55 and that Jingoli's actions during the collections process created an ownership interest in favor of Hardhat to the funds that Jingoli expected to collect at the completion of the project.

For these reasons, HardHat has 28 days from the time the judgment is entered to move for a new trial to determine the issue of damages on its breach of contract and unjust enrichment claims and defendants have 14 days thereafter to respond.

IT IS SO ORDERED this 21st day of May, 2026.


_____
UNITED STATES DISTRICT JUDGE

3